IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re Andrea Marie Shaul<br>Robert Blain Shaul<br><br>Debtor(s).<br><br><br>Andrea Marie Shaul<br><br>      Plaintiff,<br><br>      v.<br><br>Navient Solutions, LLC and<br>EdFinancial Services<br><br>      Defendants. | Chapter 13 No. 4:18-bk-04779<br><br><br><br><br><br>Adv. Pro. No. |

## MOTION TO DISCHARGE

Plaintiff Andrea Marie Shaul files this Complaint against Defendants Navient and EdFinancial Services, on personal knowledge as to Plaintiff's own acts and upon information and belief as to all other matters, as follows:

## II.

## PARTIES

**A.**   **Plaintiff**

1.   Andrea Marie Shaul is a citizen of the State of <u>Pennsylvania</u>, residing in the Middle District of Pennsylvania.

**B.**   **Defendants**

2.   <u>Navient Solutions LLC</u> is a corporation headquartered in the state of Delaware, acting on behalf of United Student Aid Funds, Inc., and can be served GLHEC and Affiliates, PO Box 8961, Madison, WI 53708-8961.

3.   <u>Navient Solutions LLC</u> is a corporation acting on behalf of Educational Credit Management Corporation, and can be served Educational Credit Management Corporation, Lockbox 8682, PO Box 16478, St. Paul, MN 55116-0478.

4.  <u>Edfinancial Services</u> is a corporation headquartered in the State of Tennessee, acting on behalf of the New York State Higher Education Services Corporation, and can be served at New York State Higher Education Services Corporation, 99 Washington Avenue, Albany, NY 12214.

5.  <u>Edfinancial Services</u> is a corporation headquartered in the State of Tennessee, acting on behalf of the Massachusetts Higher Education Assistance Corporation d/b/a American Student Assistance, and can be served PO Box 16129, St. Paul, MN 55116.

### III.

### JURISDICTION AND VENUE

6.  This Adversary Proceeding is brought under Case Number 4:18-bk-4779.

7.  This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C § 157(b). This is a core proceeding under title 11 because it concerns a determination as to the dischargeability of a debt.

8.  This Adversary Proceeding is brought pursuant to 11 U.S.C § 523(a)(8), 15 U.S.C § 1601, 15 U.S.C. § 1692 and Federal Rules of Bankruptcy Procedure Rule 7001.

9.  Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

### IV.

### FACTUAL AND PROCEDURAL BACKGROUND

**A.**  **Background of the Problem**

10. The federal student loan program was originally designed in response to Sputnik. After the successful launch of the Soviet rocket, the U.S. government became worried that the Russians were outpacing Americans in science and math education. In order to make Americans more competitive in the space race, the government authorized the creation of the National Defense Education Act in 1958 and the Guaranteed Student Loan Program (now the Stafford Loan) in 1965.

11. Even by the 1970s, few students needed loans to go to college. The average cost of tuition was only $2,587 and the average debt for a medical student was only $13,469. With Pell grants, scholarships, and summer jobs, even kids from lower-income backgrounds could often make it through college debt free. But largely in response to anecdotal evidence about a few dishonest lawyers filing for bankruptcy immediately after graduation, Congress made student loans presumptively non-dischargeable in bankruptcy for the first five years of repayment, unless excepting such discharge would impose an "undue hardship" on the debtor or her dependents. Although this rule was at odds with the fundamental purpose of the bankruptcy code, it was perhaps a reasonable exception as it only applied to the first five years of repayment.

12. Congress did not define "undue hardship" in 1978 but instead left that determination to the courts. Over the next thirty years, courts wrestled with meaning of "undue hardship," creating and discarding nearly a dozen test, working within and without the text of the statute, now commingling the court's equitable powers under section 105 with the court's mandate under section 523(a)(8), now refusing to do so. Over time, two tests have emerged triumphant from the cauldron of judicial lawmaking: the Brunner Test ("Brunner") and the Totality of the Circumstances Test ("TOC"). These two tests are supplemented with wide disagreement over whether courts are permitted to discharge one of several loans, a practice known as "partial discharge."

13. After Brunner and TOC had codified the meaning of "undue hardship," Congress amended section 523(a)(8) in two chief ways: (1) abolishing the five year time frame and making student loans non-dischargeable in perpetuity; and (2) adding subsection 523(a)(8)(B) which excepted from discharge qualified private student loans. The problem with these amendments is that the "undue hardship" standards were created when courts were only charged with determining whether repayment of federally insured loans with capped interest rates during the first five years would constitute an undue hardship. Both Brunner and the Totality of the Circumstances test are

therefore incredibly harsh because courts knew that after five years, the debt could be discharged without any showing of additional financial strain whatsoever.

14. Although Brunner/TOC is binding precedent in this Circuit, Plaintiff humbly prays that this Court reconsider the applicability of that precedent given the changing legal landscape of section 523(a)(8) since the time Brunner/TOC was enacted.

B. **Plaintiff Files For Bankruptcy**

15. Plaintiff borrowed $16100 from Defendant, Edfinancial Services in order to attend Tompkins Cortland Community College, Keuka College, and University of Phoneix between September 1994 and February 2010. This creditor now lists her loans as totaling $18424.

16. Plaintiff borrowed $296410 from Defendant, Navient, through the Department of Education in order to attend Corning Community College, Tompkins Cortland Community College, Keuka College, and University of Phoenix between September 1994 and February 2010. Some of these loans originated from the Sallie Mae program. Her credit record now lists the loans as totaling $382,277.

17. Plaintiff obtained her degree and began working as a Pediatric Nurse Practitioner in May of 2018.

18. Owing to circumstances beyond her control, Plaintiff filed for bankruptcy in this Court on November 12, 2018.

19. Plaintiff's combined student debt is now approximately $400,700. Plaintiff's current gross income is $90,000 annually, which is $7500 per month, and after taxes expected to be $5825..

20. The current average salary for Pediatric Nurse Practitioners in Pennsylvania is $104,000.

21. Plaintiff lives in Tioga County, in a rural area that may never provide a higher salary than the average expected ($104,000) in the state of Pennsylvania.

22. At an average period of 15 years with an approximated average interest rate of 7%, Plaintiff's student loans will cost her approximately $3595 each month.

23. Plaintiff's student loan payments constitute 61% of Plaintiff's take home pay.

24. Plaintiff is currently 46 years old, and likely only has 20 years of potential earning left in which to repay loans.

25. IBR plans set the payments at 10 or 15% of take-home pay, which will repay less than 30% of the balance after 20 years.

## V.

## CLAIMS FOR RELIEF

A. **Count One: Determination of Dischargeability**

26. Plaintiff re-alleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

27. Plaintiff is entitled to discharge of her student loan debt, either in whole or in part, because repayment would constitute an "undue hardship" on her.

28. Plaintiff meets the standard for undue hardship as articulated in ***Brunner/Totality of the Circumstances***.

29. Accordingly, Plaintiff prays this Court discharge his/her private student debt in part or in total.

## VI.

## JURY DEMAND

30. Pursuant to his/her rights under Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

# VII.

## PRAYER

31. In light of the foregoing, Plaintiff requests that Defendants be cited to appear and judgment be entered against Defendants for:

(1) declaratory and injunctive relief;

(2) determination of dischargeability;

(3) other such relief as the Court deems just and proper.

Respectfully submitted,

/s/ Matthew J. Zeigler
Matthew J. Zeigler
Attorney for Plaintiff
Zeigler & Associates
353 Pine Street, Suite 3
Williamsport, PA 17701
570-599-2211, Fax: 570-599-2209
mjzeigler@comcast.net